KLEES, Judge.
This lawsuit arose out of a two-vehicle collision which occurred at the intersection of South Carrollton Avenue and Washington Avenue in New Orleans. Plaintiffs appeal the trial court’s judgment finding in favor of defendants and dismissing plaintiffs’ action against them. After reviewing the record, we affirm.
On February 18,1988, at about 4:45 p.m., defendant Arthur Brown was driving his 1985 Oldsmobile home from work when he collided with the vehicle being driven by plaintiff Deone Hoffert. At the time of the accident, Brown was in the left lane on Washington Avenue proceeding across Car-rollton Avenue. He stated that he had a green traffic signal. Mrs. Hoffert was proceeding down Carrollton Avenue in the middle lane when she was broadsided by Brown’s car. She also claimed to have had a green traffic light.
The sole issue on appeal is whether the trial court committed manifest error in holding that the plaintiffs failed to meet their burden of proof at trial. In considering this issue, we are mindful that a reviewing court must give great weight to the factual conclusions of the trial court; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed by the appellate court, which lacks the trial court’s capacity to evaluate live witnesses. Canter v. Koehring Company, 283 So.2d 716 (La.1973). In the instant case, we find no manifest error in the trial court’s conclusion.
Mr. & Mrs. Hoffert sued Mr. Brown and his insurer, Allstate, for personal injuries and related medical expenses. Trial was held on March 21, 1990.
Mr. Brown testified that he was proceeding down Washington and that as he approached the intersection with South Car-rollton, the light was green. He continued through the intersection and collided with plaintiff’s vehicle. He stated that there was a bus stopped in the right lane on Carrollton, and he saw nothing coming as he entered the intersection.
Lawrence Smith, an eyewitness to the accident, testified that he was driving a large truck in the middle lane on Washington next to Mr. Brown. He stated that he and Mr. Brown and another vehicle in the right lane were initially stopped on Washington, three cars abreast, with a red traffic light. They were the first cars in line. Mr. Smith confirmed that there was a bus stopped on Carrollton which partially blocked his view of that street. According to Mr. Smith, the light changed to green, and he and Mr. Brown both began to cross the intersection. Mr. Brown pulled off slightly faster than he did. After he had moved a few feet, Mr. Smith, who was sitting high up in the truck, saw Mrs. Hof-fert’s car coming and slammed on his brakes. He observed Mr. Brown collide with Mrs. Hoffert’s vehicle. Mr. Smith then got out of his truck and told Mr. Brown that he had witnessed the accident and could testify that Mr. Brown had the green light.
*1090 Mrs. Hoffert testified that she was in the middle lane travelling down Carrollton and that there was a bus parked on her right. She stated that both the first and second set of traffic signals were green as she entered and as she proceeded through the intersection at Washington. She did not see the lights change from green.
Considering the evidence presented, the trial judge noted that, even though there were some discrepancies in the testimony of Mr. Brown and Mr. Smith, they both agreed that Mr. Brown had the green light. • Because of this corroboration by an independent eyewitness, the trial judge found that plaintiffs had failed to prove their case by a preponderance of the evidence.
Plaintiffs argue that this conclusion is manifestly erroneous because the trial court failed to consider La.R.S. 32:232, which places a duty upon a motorist facing a green traffic signal to yield to vehicles which are already lawfully within the intersection when the light turns to green. Plaintiffs claim that Mrs. Hoffert was lawfully within the intersection and Mr. Brown failed to adhere to this statutory duty. We disagree.
There was no proof that Mrs. Hoffert was lawfully within the intersection other than her own self-serving testimony that she had a green light. The court could have reasonably found that her testimony lacked credibility. Mrs. Hoffert claimed that she never saw the light change from green, which it would have had to do if the signal for Washington was green, as the independent eyewitness testified. Moreover, the evidence suggests that there was a bus stopped on Carrollton that prevented Mr. Brown from seeing the Hoffert vehicle until it was too late. Therefore, we find no manifest error in the trial court’s conclusion that Mr. Brown was not at fault.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.